UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN NELSON

v.

PRISONER
Case No. 3:12cv446 (SRU)

WARDEN BRIGHTHAUPT, ET AL.

RULING ON RESPONDENTS' MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Stephen Nelson, currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. He challenges his 2005 state court conviction for conspiracy to commit robbery and 2006 convictions for kidnapping, assault and burglary. The respondents move to dismiss on the ground that the petitioner has failed to exhaust his state court remedies with respect to the only ground in the petition. The petitioner has moved to stay the action. For the reasons that follow, the respondents' motion to dismiss will be granted and the petitioner's motion will be denied.

I.    **Standard of Review**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir. 1982).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and

correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

## II.     Procedural Background

After the petitioner's arrest in February 2005, an Assistant State's Attorney in the Connecticut Superior Court for the Judicial District of Hartford at New Britain, filed an Information charging the petitioner with two counts of kidnapping in the first degree in violation of Conn. Gen. Stat. § 53a-92(a)(2)(A) and (B), two counts of robbery in the first degree in violation of Conn. Gen. Stat. § 53a-(a)(3) and (4), two counts of burglary in the first degree in violation of Conn. Gen. Stat. § 53a-101(a)(1) and (2), one count of larceny in the first degree in violation of Conn. Gen. Stat. § 53a-122(a)(2), one count of assault in the first degree in violation

of Conn. Gen. Stat. § 53a-59(a)(1), and one count of conspiracy to commit robbery in the first degree in violation of Conn. Gen. Stat. §§ 53a-48(a) and 53a-134(a). *See State v. Nelson*, 105 Conn. App. 393, 397, 937 A.2d 1249, 1256 (2008).

On November 18, 2005, a jury found the petitioner guilty of conspiracy to commit robbery in the first degree, but not guilty of larceny in the first degree. *See id.* The jury could not reach a verdict on the remaining counts. *See State v. Nelson*, 118 Conn. App. 831, 834 n.1, 986 A.2d 311, 314 n.1 (2010). Thus, the judge declared a mistrial with respect to the kidnapping, burglary, robbery and assault counts. *See id.* On February 10, 2006, a judge imposed a total effective sentence of eighteen years of imprisonment. *See Nelson*, 105 Conn. App. at 398, 937 A.2d at 1255.

On January 22, 2008, the Connecticut Appellate Court affirmed the conviction. *See id.* at 418, 937 A.2d at 1266. On March 18, 2008, the Connecticut Supreme Court denied certification to appeal from the decision of the Connecticut Appellate Court. *See State v. Nelson*, 286 Conn. 913, 944 A.2d 983 (2008).

In December 2006, the State of Connecticut retried the petitioner on the two kidnapping counts, the two burglary counts and the assault count. On December 20, 2006, a jury found the petitioner guilty of two counts of kidnapping in the first degree, two counts of burglary in the first degree and one count of assault in the first degree. *See Nelson*, 118 Conn. App. at 833, 986 A.2d at 313-14. In February 2007, a judge sentenced the petitioner to fifty-five years of imprisonment. The sentence was to be served concurrently to the previously imposed eighteen-year sentence for conspiracy to commit robbery.

On January 19, 2010, the Connecticut Appellate Court reversed the judgment of

conviction with respect to the sentences imposed for the two kidnapping offenses on the ground that the sentences constituted multiple punishments for the same offense in a single trial in violation of the Double Jeopardy Clause of the Fifth Amendment, but affirmed the judgment of conviction with respect to all of the remaining offenses. The Appellate Court remanded the case to the trial court with instructions to merge the convictions on the two kidnapping counts and to vacate the sentence imposed for the first kidnapping count. *See id.* at 862, 986 A.2d at 329. In accordance with the instructions of the Connecticut Appellate Court, on June 2, 2010, a judge in the Connecticut Superior Court re-sentenced the petitioner to a total effective sentence of fifty-five years of imprisonment to be served concurrently to the eighteen-year sentence for the conspiracy to commit robbery. On March 3, 2010, the Connecticut Supreme Court denied certification to appeal from the decision of the Connecticut Appellate Court. *See State v. Nelson*, 295 Conn. 911, 989 A.2d 1074 (2010).

On August 6, 2007, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Nelson v. Warden, State Prison*, TSR-CV07-4001916-S (Conn. Super. Ct. Aug. 6, 2007). On April 16, 2008, the petitioner filed a second petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Nelson v. Warden, State Prison*, TSR-CV08-4002367-S (Conn. Super. Ct. Apr. 16, 2008).[1]  On June 21,

---

[1] The Second Circuit has held that district courts may properly take judicial notice of docket sheets in other court cases. *See Mangifico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding no error in district court's reliance on a docket sheet in another case because "docket sheets are public records of which the court could take judicial notice") (citation omitted). Accordingly, the court takes judicial notice of the docket sheets in the petitioner's Connecticut habeas petitions, which may be accessed by entering the docket numbers, 07-4001916 and 08-4002367, for each case on the following website: http://civilinquiry.jud.ct.gov.

2010, a judge consolidated the first petition with the second petition. On April 8, 2011, the petitioner filed a second amended petition raising multiple claims of ineffective assistance of counsel and stand-by counsel, claims of actual innocence and a claim related to the failure of the trial court and/or trial counsel to advise him of his right to seek sentence review. (*See* Resp'ts' Mem. Mot. Dismiss, App. E.) On December 2, 2011, the parties entered into a stipulation agreeing to reinstate the petitioner's right to file an application for sentence review of the fifty-five-year sentence imposed pursuant to the convictions for assault, kidnapping and burglary and also agreeing to dismiss all other claims in the Second Amended Petition with prejudice. (*See id.*, Apps. F & G.)

### III.    Discussion

The petitioner includes only one ground in the present petition. He describes that ground as follows: "ineffective assistance of trial counsel - prosecutorial misconduct - deprivation on [sic] constitutional rights." Pet'r's Writ Habeas Corpus at 9. In support of this ground for relief, the petitioner states that:

> [d]uring the investigation of the alleged incident, the authorities submitted multiple items related to the aforesaid alleged conduct to the State oft [sic] Connecticut Forensic Science Laboratory for analysis. Dispite [sic] these submission [sic] experts at the lab were not able to establish any evidence physically or forensically linking me to the crime, including a knit hat that the victim stated that I wore the night that he was robbed.

*See id.*

The respondents move to dismiss the petition on the ground that the petitioner has not exhausted

5

his state court remedies with respect to the claims within the first ground in the petition.[2]

The respondents argue that the petitioner did not fairly present the federal constitutional claims raised in ground one of the present petition to the highest state court in Connecticut. The petitioner concedes that he did not raise the claims in ground one of the petition on direct appeal of his conviction. Further, he acknowledges that he entered into a stipulation to dismiss or withdraw all claims in his consolidated 2007/2008 state habeas petitions in exchange for the opportunity to pursue review of his fifty-five-year sentence in an application for sentence review in state court. The petitioner states that he did not appeal the disposition of any of the claims raised in the consolidated 2007/2008 state habeas petition. Thus, the claims raised in ground one of the present petition have not been fully exhausted on collateral review in state court. Because ground one has not been fairly presented to the highest state court, it is not exhausted. *See Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990) ("[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition.").

In response to the motion to dismiss, the petitioner filed a motion to stay these proceedings. The motion recites some of the procedural history of the petitioner's state criminal cases, but provides no basis to stay the proceedings. The court notes that the State of Connecticut Judicial Branch's website reflects that the petitioner filed a new state habeas petition on February 14, 2013. A judge has appointed counsel to represent the petitioner in that action and it remains pending. *See Nelson v. Warden, State Prison*, TSR-CV13-4005226-S (Conn.

---

[2] The respondents also move to dismiss the petition as foreclosed by a stipulated judgment that renders his petition moot. I do not reach that ground in this ruling.

Super. Ct. June 14, 2013).[3]

The Second Circuit has recommended that a district court, faced with a habeas petition that contains both exhausted and unexhausted claims, should stay the exhausted claims and dismiss the unexhausted claims with a direction to the petitioner to timely complete the exhaustion process and return to federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir.) ("a stay . . . will be only appropriate course in cases like Zarvela's where an outright dismissal could jeopardize the timeliness of a collateral attack"), *cert. denied sub nom.*, *Fischer v. Artuz*, 534 U.S. 1015 (2001) (internal quotation marks and citations omitted). Here, however, the habeas petition includes no exhausted claims. Thus, it is not a mixed petition and there is no exhausted claim to stay. *See Carpenter v. Reynolds*, 212 F. Supp. 2d 94, 98 (E.D.N.Y. 2002) (because "petition contains only unexhausted claims . . . . the Court has no basis to retain jurisdiction while [petitioner] pursues exhaustion" of other claims). Accordingly, the petitioner's motion to stay the action is denied.

## IV. Conclusion

The Motion to Dismiss [**Doc. No. 9**] is **GRANTED**. The Motion for Stay [**Doc. No. 22**] is **DENIED**. The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies.

The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a

---

[3] The court takes judicial notice of the docket sheet in the petitioner's 2013 state habeas petition. *See Mangifico*, 471 F.3d at 398. The docket sheet may be accessed by entering the docket number, 13-4005226, on the following website: http://civilinquiry.jud.ct.gov.

habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgment and close this case.

      SO ORDERED this 27th day of March 2014, at Bridgeport, Connecticut.

                                          /s/ Stefan R. Underhill
                                          STEFAN R. UNDERHILL
                                          UNITED STATES DISTRICT JUDGE